# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED
2012 JUL 20 P 12: 33
U.S. DISTRICT COURT
BRIDGEPORT, CONN

# Complaint And Petition

Marshall Caro
Indii.com USE, LLC

v.                                         CIVIL NO

Fidelity Brokerage Services

## A. Parties

1. Plaintiff Marshall Caro (CARO) is a citizen of Connecticut who presently resides at 47 Angelus Drive, Greenwich, CT 06831.

2. Plaintiff Indii.com USE, LLC (INDII), with principal office located at 47 Angelus Drive, Greenwich, CT 06831, is a Delaware Limited Liability Company whose members are citizens of Connecticut and Florida.

3. Defendant Fidelity Brokerage Services (FIDELITY), with principal office located at 82 Devonshire Street, Boston, MA 02109, is a Massachusetts Limited Liability Company whose members are citizens of Massachusetts.

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to:

9 U.S.C. § 1 *et seq* and 28 U.S.C. § 1332. All defendants reside or are domiciled in other states and the amount in controversy exceeds $75,000.

The parties are diverse and the damages claimed exceed $75,000 – *See* Exhibit 1, damages claim.

## C. NATURE OF THE CASE

Plaintiff's bring this action pursuant to the Federal Arbitration Act to vacate or modify the arbitration award dated April 24th, 2012 – *See* Exhibit 2. The panel exceeded the powers granted to them by the contractual rules of arbitration by awarding attorney fees to FIDELITY when only FIDELITY requested such fees (CARO and INDII were pro se and did not incur nor did they seek attorney fees for the arbitration). The panel refused to hear evidence pertinent to the dispute, prevented relevant discovery and testimony, denied Plaintiff's objections without hearing them, incorrectly stated New York law and procedure and dismissed expert testimony[1]. The panel demonstrated clear bias against pro se litigants and law professors and manifest disregard of the law.

## D. CAUSE OF ACTION

### BACKGROUND FACTS

In February of 2010 CARO, the president of INDII, opened an account for INDII with FIDELITY and transferred over $750,000 of funds and securities into the account. FIDELITY required INDII to execute a contract containing a mandatory arbitration clause – *See* Exhibit 3 which bars the parties from filing lawsuits and requires all disputes be brought to arbitration under the FINRA arbitration rules and explicitly incorporates these rules into the contract. The entireties of the contract (and the FINRA arbitration rules) were drafted by FIDELITY (a member of FINRA).

---

[1] Chairperson Binkes stated, "I don't need a professor to read the law for me".

In July of 2010, Evan Rothfarb, as attorney for Bill Rothfarb, served an Information Subpoena and Restraining Notice pursuant to NY CLPR § 52 *et seq* on FIDELITY pursuant to a facially valid judgment[2] entered in New York against CARO.

FIDELITY responded to the Rothfarb Restraining Notice by improperly freezing the assets of INDII – *See* Exhibit 4.

INDII notified FIDELITY that the restraint on INDII's funds was improper, that the Restraining Notice did not implicate INDII, a Delaware Limited Liability Company. FIDELITY responded by "amending" their response to ROTHFARB and falsely stating that FIDELITY would lift the restraint on INDII's funds within five days if Rothfarb did not obtain a "restraining order or other process issued by a court of competent jurisdiction which orders FBS [Fidelity Brokerage Services] to restrict this [the INDII] account by August 5, 2010, we will remove this restriction." – *See* Exhibit 4a.

This was a lie.  The letter was drafted under the direction and approval of Katherine Ho, the supervisor of FIDELITY's Risk Department.  Ms. Ho admitted under oath at the arbitration hearing that she never had any intention of lifting the restraint – *See* Exhibit 5.  The sole purpose of the letter was to gin up a controversy to justify a Federal Interpleader complaint – *See* Exhibit 6 against CARO and INDII. FIDELITY had engaged the law firm of Thomson Hine to draft and file the complaint before the letter was written.

FIDELITY's interpleader lawsuit against CARO and INDII was a breach of the contracts[3] authored by FIDELITY which forbade bringing any and all lawsuits.

---

[2] The judgment was fraudulently obtained and entered in 1995.  CARO was unaware of its continued existence until 2010.

[3] CARO has accounts with FIDELITY that are governed by the same language as the agreement between FIDELITY and INDII.

3

Rothfarb reacted to FIDELITY's July 30th letter by bringing an Order to Show Cause in New York Supreme Court and obtaining an ex parte Temporary Restraining Order – *See* Exhibit 7. This Order commanded FIDELITY to continue any "duly issued" restraints pending a hearing. There were no "duly issued" restraints on the INDII account which was not implicated in the Rothfarb judgment. Nonetheless, FIDELITY refused to lift the improper restrictions it had imposed on the INDII account and INDII was forced to retain counsel to litigate the restraining order.

CARO filed exemption claims, pursuant to NY CPLR in opposition to the FIDELITY restraints. ROTHFARB did not object to CARO's exemption claims and by law FIDELITY should have lifted all restraints pursuant to the Order of Judge Gische of the New York Supreme Court dissolving the restraints – *See* Exhibit 8.

FIDELITY refused to lift its restrictions on the INDII account. Instead, FIDELITY made an agreement with Rothfarb to accept a second, illegal restraining notice specifically aimed at the INDII account – *See* Exhibit 9. NY CPLR §5222 specifically states, "Leave of court is required to serve more than one restraining notice upon the same person with respect to the same judgment or order." Rothfarb did not seek (and did not obtain) leave of court to serve his second notice. Rothfarb also specifically named the INDII account as the property to be restrained despite the fact that these funds were not the property of CARO, a violation of the NY CPLR.

FIDELITY was fully aware of these defects but chose to ignore them so as to retain the INDII funds until FIDELITY could obtain an ex parte order in Federal Court to liquidate the INDII account and to deposit the funds in the Court's registry – *See* Exhibit 10. Fidelity engaged in extensive email correspondence with ROTHFARB and agreed to accept service of the second, improper, restraining notice with full knowledge it violated New York law.

4

CARO and INDII brought the arbitration claim that is at issue in this petition and FIDELITY responded by filing an Order to Show Cause in Federal Court seeking to enjoin CARO and INDII from arbitration and to hold them in contempt. Judge Jones dismissed FIDELITY's petition, finding, "…although the Court granted Fidelity's request for interpleader relief, it never considered whether Fidelity acted properly, in the first instance, by freezing Indii's account or by not submitting the parties' dispute to arbitration. Accordingly, there is no basis for enjoining Caro and Indii from prosecuting the FINRA action or for finding CARO and Indii in contempt of this Court's November 24, 2010 Order." – *See* Exhibit 11.

## The Hearings

The arbitration was heard in March of 2012. Immediately prior to the first day of the hearings (one day prior – *See* Exhibit 13), FINRA advised Claimants that the chairperson assigned to the matter had been replaced. FINRA did not follow their own "Short List" rule which would have afforded Claimants (and Respondent) the opportunity to weigh in on the selection from a list of candidates. The newly appointed Chairperson (William G. Binkes) began the hearing the next day without having read the pleadings and outstanding motions – which he never ruled upon. From the outset he expressed considerable skepticism about the validity of the claims and of pro se litigants (in general). The chairperson ruled (before hearing any evidence) that the arbitration clause of the FIDELITY account agreement (which prohibited the filing of lawsuits) did not bar FIDELITY from filing its interpleader lawsuit because Rothfarb was not subject to it. The chairperson ruled (before hearing any arguments) that the legal standard for determining whether FIDELITY's conduct in freezing INDII's funds was whether FIDELITY "acted in good faith". The chairperson dismissed the testimony of the Claimant's expert witness, David G. Carlson, ESQ, professor of law at Benjamin N. Cardozo

School of Law –before even hearing his testimony – stating, "I don't need a law professor to read the law to me."

Professor Carlson testified that both restraining notices were "incompetent" with respect to the INDII account, that the second restraining notice was served in violation of New York law, that FIDELITY had no legal basis to restrain INDII's funds, and that the "good faith" standard applied only in a contempt action, as a defense by the institution for damage claims if it DID NOT restrain funds that were implicated in a proper restraining notice. Professor Carlson further testified that the Temporary Restraining Order of Judge Gische did not give FIDELITY any basis to continue their improper restrictions on the INDII account because that restraint was not "duly issued." Thus, the panel was informed of New York law and chose to disregard it.

Professor Carlson also testified that the interpleader lawsuit filed by FIDELITY against CARO and INDII was an "in personum" action and was clearly prohibited by the specific language of the arbitration clause of the account agreements. Chairperson Binkes stated that he would have done the same thing, that Fidelity had a "hot potato" in their hands and that what they did was "clever".

The chairperson repeatedly refused to hear CARO's objections (peremptorily exclaiming "Overruled" – preventing Caro from even expressing the Objection).

The chairperson denied CARO's requests to take testimony from persons on CARO and INDII's witness list who were employees of Fidelity and who had a law degree (even though they were fact witnesses) and denied CARO's request to take testimony from Michael Shannon and Michael Hoenitz, attorney –employees of Thomson Hine, also on CARO and Indii's witness list– who participated in the decisions to breach the account agreement by filing the

interpleader action. FINRA rules permit the arbitrators to exclude only those witnesses whose names did not appear in a party's witness list.

The award of the panel calls for INDII and CARO to pay attorney's fees to FIDELITY in clear violation of the FINRA rules of arbitration which provides authority for granting attorney's fees only under limited circumstances – *See* Exhibit 12.

> **Attorneys' Fees**
>
> The authority for granting attorneys' fees must be included in the award. If the arbitrators have doubts regarding their authority to award such fees, they should request the parties to brief the issue. There are three situations when parties may pursue attorneys' fees:
> - a contract includes a clause that provides for the fees;
> - the fees are allowed as part of a statutory claim; or
> - all of the parties request or agree to such fees. (Exhibit 12 p 55)

FIDELITY petitioned for attorney's fees for the arbitration. CARO and INDII did not request or agree to an award of attorney's fees for the arbitration[4] – *See* Exhibit 1.

FINRA rules required the panel to specify which party must pay such fees. If the panel had determined that CARO and INDII should equally be burdened with such fees then the panel should have so apportioned them. There is no authority under the FINRA rules to require one party to pay fees of another. There is no authority to assign "joint and severable" liability to multiple parties to pay the same attorney fees.[5]

---

[4] CARO and INDII sought compensatory damages for the costs they incurred in the prior vexatious litigation initiated or instigated by FIDELITY which included attorney fees for those matters. Neither CARO nor INDII incurred attorney fees for the arbitration because they both were represented by CARO, pro se, and therefore did not seek or agree to an attorney fee award in the arbitration.

[5] The panel made a similar error by attempting to assess forum fees "jointly and severally to Claimants". FINRA has already acknowledged the error (and the incorrect calculation) and has advised CARO and INDII accordingly.

## CLAIMS

The arbitration award should be vacated because:

i. The arbitration panel did not follow the FINRA rules and exceeded their powers.
   a. the panel refused to permit Claimants to call witnesses whose names appeared on Claimants' witness list;
   b. the panel refused to permit Claimants to voice objections;
   c. FINRA substituted the chairperson the day before the hearings without following their own Short List rule;
   d. the chairperson did not rule on Claimants motions made prior to the hearings
   e. The panel awarded Claimants attorney fees in violation of FINRA rules
   f. The panel failed to apportion their award of attorney fees.

ii. The award rendered is in manifest disregard of the terms of the arbitration agreement.
   a. The award denied Claimants' claim that the Defendant was barred by the explicit language of arbitration clause of their account agreements from bringing suit against the Plaintiffs.

iii. The award rendered is in manifest disregard of the law
   a. It is common law that contracts and agreements are held most harshly against the drafter. All panel members are attorneys and are aware and knowledgeable of this law. It is manifest that the plain language of the arbitration clause of the account agreements drafted by the Defendants can (and should) plainly be read as barring all lawsuits between the parties and that the interpleader lawsuit filed by the Defendants was prohibited by the agreement.

      Perhaps there is an interpretation of this language that is favorable to the Defendant. If so, they are not entitled to it if there is another interpretation that is more favorable to Plaintiffs.

   b. NY CPLR does not provide a "good faith" basis for seizing or restricting access to account funds. The panel was informed that "good faith" is a defense only against a contempt proceeding in the event a bank or financial institution failed to restrict funds implicated in a restraining notice.

8

    c. NY CPLR does not permit an attorney to serve a second restraining notice against upon the same person with respect to the same judgment or order without leave of court and bars an attorney from specifying assets to be restricted that are not the property of the judgment debtor. The panel was informed of the law and chose to disregard it.

## E. OTHER LAWSUITS

The Plaintiff filed Civil Case No. 3:09 cv 00335 in February, 2009, 3:10 cv 01353 in August, 2009, 3:09-cv-01353, and 3:10-cv-00284 in March , 2010. All matters have been resolved.

## F. REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks the vacating of the arbitration award and such other relief as the Court may impose.

## G. JURY DEMAND

Plaintiff requests a jury trial (if applicable).

*[signature]*
Plaintiff's Original Signature
Marshall Caro
47 Angelus Drive
Greenwich CT, 06831
203.531.7632
Plaintiff's telephone
marshallcaro@gmail.com
Plaintiff's email address

*[signature] President*
Plaintiff's Original Signature
Marshall Caro,  President of Indii.com USE, LLC
47 Angelus Drive
Greenwich CT, 06831
203.532.2913
Plaintiff's telephone
mc@indii.com
Plaintiff's email address

9

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at 47 Angela Drive Greenwich, CT on 7/20/12

/s/ _____
Plaintiff's Original Signature

Executed at 47 Angela Drive Greenwich, CT on 7/20/12

/s/ _____, President
Plaintiff's Original Signature

10

## Schedule of Exhibits

1. Award Sought by Claimants
2. Arbitration Award
3. Mandatory Arbitration Clause
4. Fidelity letter to Rothfarb – 7.27.10
4a. Fidelity's Amended Response – 7.30.10
5. Panel Hearings audio cd
6. Interpleader complaint
7. New York Temporary Restraining Order
8. Order dissolving Temporary Restraining Order
9. Second restraining notice
10. Judge Jones Order -- Temporary Restraining Order
11. Judge Jones Order denying Fidelity Order to Show Cause
12. FINRA Arbitrator's Guide
13. FINRA's notice of the chairperson replacement