# EXHIBIT 6

JUDGE JONES

10 CIV 5893

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK




| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL CARO, WALTER RAQUET, INDII.COM USE LLC, AND BILL ROTHFARB,<br><br>Defendants. | **COMPLAINT FOR INTERPLEADER**<br><br>**Docket No. 10 Civ. ( )( )** |

Plaintiff Fidelity Brokerage Services LLC ("Fidelity" or "Plaintiff"), by and through its undersigned attorneys, Thompson Hine LLP, as and for its Complaint for Interpleader against Marshall Caro, Walter Raquet, Indii.com USE LLC, and Bill Rothfarb (collectively "Defendants"), hereby alleges:

## PRELIMINARY STATEMENT

1. This action involves disputed claims to two Fidelity brokerage accounts, one an individual account (account number ###-##0020) in the name of defendant Marshall Caro ("Caro") and valued at approximately $1,500.00 (the "Caro Account"), and the other account (account number ###-##3272) in the name of defendant Indii.com USE LLC ("Indii.com") and valued at approximately $769,000.00 (the "Indii.com Account", and collectively with the Caro Account, the "Accounts").

2. Fidelity is the custodian of the Accounts and has no interest or claim to the funds being maintained in the Accounts, except for the reimbursement of costs and fees incurred in this proceeding.

3. A dispute has arisen between defendant Bill Rothfarb ("Rothfarb"), a judgment creditor to a New York State civil action, and Caro, a judgment debtor to that action, regarding the attempted restraint by Rothfarb on the Accounts. Both Rothfarb and Caro have threatened to sue or otherwise hold Fidelity liable if each defendant does not get his way.

4. Fidelity brings this complaint for interpleader pursuant to 28 U.S.C. § 1335 and asks the Court to resolve the competing rights and claims of the Defendants to the Accounts, to direct Fidelity to deposit the assets (or some portion thereof equal to the disputed amount) of the Accounts into the registry of the Court or, alternatively, to direct Fidelity to give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper, pending the determination of this Court, to restrain the individual defendants from instituting or pursuing any action against Fidelity, and to award Fidelity its attorneys' fees and costs of bringing this action.

**THE PARTIES**

5. Fidelity is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Massachusetts. Fidelity provides brokerage products and services to its customers and is the custodian of the Accounts.

6. Upon information and belief, Caro is an individual residing at 47 Angelus Drive, Greenwich, Connecticut 06831. Upon information and belief, Caro is the owner of the Caro Account, has or may have an interest in the Indii.com Account and is the President of Indii.com.

7. Upon information and belief, defendant Walter Raquet ("Raquet") is an individual residing at 215 Via Del Mar, Palm Beach, Florida 33480. Upon information and belief, Raquet has or may have an interest in the Indii.com Account and is the Chief Executive Officer of Indii.com.

8. Upon information and belief, Indii.com is a Limited Liability Company ("LLC") organized under the laws of the State of Delaware or is a partnership and has a principal place of business at 47 Angelus Drive, Greenwich, Connecticut 06831. Indii.com is registered in Fidelity's account records as the owner of the Indii.com Account.

9. Upon information and belief, Rothfarb is an individual residing at 109 East 36th Street, New York, New York 10016. Rothfarb claims to have an interest in the Accounts as a judgment creditor to a New York State civil action against Caro.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335 because: (1) Plaintiff has in its custody property of the value of $500 or more; (2) two or more defendants, of diverse citizenship are claiming or may claim to be entitled to such property; and (3) Plaintiff will either deposit such money into the registry of the Court or will give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper.

11. This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 2361.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1397 because one or more of the defendants resides within this District.

## FACTS GIVING RISE TO THE COMPLAINT

**The Accounts**

13. On or about March 2, 2000, Caro established the Caro Account by submitting a Fidelity Ultra Service Account Electronic Submission Follow-up Application with Fidelity. The Caro Account has a value of approximately $1,500.00.

14. On or about February 5, 2010, Indii.com established the Indii.com Account by submitting a Partnership Account Agreement with Fidelity. Caro is listed as the "Primary Authorized Person" on the Partnership Account Agreement. The Indii.com Account has a value of approximately $769,000.00.

**The Competing Claims to the Accounts**

15. Upon information and belief, on or about March 28, 1995, a judgment in the amount of $204,018.23 (the "Judgment") was entered in favor of Rothfarb and against Caro in a New York State civil action entitled Rothfarb v. Programit, Inc. et al, Index No. 19178/87 (Supreme Court New York County) (the "New York Action"). Upon information and belief, the entire amount of the Judgment together with interest remains due and unpaid and is now equal to more than $483,000.00.

16. On or about July 16, 2010, Fidelity received a letter from Evan Rothfarb, an attorney who represents Rothfarb, informing Fidelity of the New York Action and Judgment, enclosing copies of an Information Subpoena With Restraining Notice, Subpoena Questionnaire, Exemption Notice, and Exemption Claim Form, asking Fidelity to promptly restrain property in Fidelity's custody in which Caro has an interest, and requesting Fidelity respond to the Information Subpoena and Subpoena Questionnaire. (A copy of the letter and enclosures are annexed hereto as Exhibit A).

17. On or about July 27, 2010, Fidelity sent a letter to Rothfarb's attorney confirming Fidelity's receipt of the Information Subpoena with Restraining Notice. Fidelity informed Rothfarb's attorney of the existence of the Caro Account and Indii.com Account, and notified Rothfarb's attorney that the Accounts had been restricted and made inaccessible to Caro pending Fidelity's receipt of a currently and originally certified court order.

18. On or about July 27, 2010, Fidelity sent notice of the restraint on the Accounts to Caro.

19. On or about July 29, 2010, Fidelity received a phone call from Rothfarb's attorney notifying Fidelity that he believed Fidelity's response to the Information Subpoena and Subpoena Questionnaire was incomplete.

20. On or about July 30, 2010, Fidelity sent a letter to Rothfarb's attorney amending Fidelity's July 27, 2010 response to the Information Subpoena with Restraining Notice. Fidelity informed Rothfarb's attorney that Fidelity had determined that the Indii.com Account may be exempt from the Restraining Notice, and that if Fidelity did not receive a court order, restraining order or other process issued by a court of competent jurisdiction by August 5, 2010, that ordered Fidelity to restrict the Indii.com Account, then Fidelity will remove the restriction. Fidelity believes that the Indii.com Account may be exempt from the Restraining Notice because the assets of the Indii.com Account appear to belong to a LLC and may not be restrained by a creditor of a member of the LLC.

21. On or about August 2, 2010, Fidelity received a letter from Rothfarb's attorney formally objecting to the removal of the restraint on the Accounts and threatening court action against Fidelity for contempt and sanctions if Fidelity did not confirm to Rothfarb's attorney by August 3, 2010, at 12:30pm that Fidelity will restrain the Accounts. Rothfarb's attorney further

threatened that if Fidelity allowed withdrawal of any money from the Accounts, then Rothfarb would hold Fidelity liable for the entire amount withdrawn, up to the full amount of the Judgment, plus his attorneys' fees and costs. The letter also conveyed Rothfarb's belief that all deposits made by Caro into the Indii.com Account were fraudulent conveyances as to Rothfarb, and therefore the assets of the Indii.com Account were not exempt from the Restraining Notice.

22. On or about August 3, 2010, Fidelity received a letter from Donna Drumm, an attorney representing Indii.com, stating Indii.com's objections to the restraint on the Indii.com Account, asserting that a Delaware law states that assets of a LLC are not subject to seizure or garnishment by a judgment creditor of a member of the company, and notifying Fidelity that Caro will be filing exemptions. On or about August 3, 2010, Fidelity also received a letter from Caro claiming Indii.com has been injured by Fidelity's actions and informing Fidelity that Caro will file exemptions.

23. Fidelity is currently restraining the Accounts and has not made any transfers or allowed any withdrawals from the Accounts. Fidelity is uncertain if the Indii.com Account is subject to the Judgment. The Indii.com Account appears to contain the assets of an LLC which pursuant to Delaware and New York law are not subject to the judgment creditor of a member of a LLC. However, Rothfarb has asserted that Fidelity is not in a position to determine whether the assets are exempt, and further that Caro has fraudulently transferred or comingled his personal assets in the Indii.com Account. Fidelity has no means of ascertaining the truth to Rothfarb's allegations concerning alleged fraudulent conveyances by Caro to the Indii.com Account. Fidelity has also been informed that Caro will file an Exemption Form for the Caro Account.

24. Fidelity has no claim to the Accounts, but is unable to determine, without hazard to itself, which of the individual defendants may be entitled to the assets or some portion of the assets of the Accounts, and has no other means than this action of protecting itself against the threat of multiple liability from the individual defendants' claims.

**WHEREFORE**, Fidelity requests that the Court enter an order as follows:

a) Granting Fidelity's request for Interpleader;

b) Requiring individual defendants to join together to resolve between themselves their rights and claims to ownership of the Accounts;

c) Directing Fidelity to deposit the assets (or some portion thereof equal to the disputed amount) of the Accounts into the registry of the Court or, alternatively, directing Fidelity to give a bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper pending the determination of this Court;

d) Restraining the individual defendants from instituting or pursuing any action against Fidelity or any subsidiary, parent company or affiliated company of Fidelity, with regards to the Accounts;

e) Awarding Fidelity its attorneys' fees and costs of bringing this action; and

f) Awarding Fidelity such other and further relief as the Court may deem just.

Dated: New York, New York
August 4, 2010

THOMPSON HINE LLP

Michael G. Shannon

Michael G. Shannon (MS 6225)
Michael D. Hoenig (MH 0813)

335 Madison Avenue 12th Floor
New York, New York 10017-4611
212.344.5680
212.344.6101 (Facsimile)

*Attorneys for Plaintiff Fidelity Brokerage Services LLC*

193716.2

# EXHIBIT 7

WARNING:

YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT.

EX PARTE MOTION OFFICE
APPROVED
FOR THE PAYMENT
OF MOTION FEE
ONLY

007

At IAS Part ___ of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street, New York, New York, on the 4th day of August, 2010

019330

PRESENT: Hon. JUDITH J. GISCHE, J.S.C., Justice

NOTICE:

The purpose of this hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine, imprisonment, both, according to law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

BILL ROTHFARB

Plaintiff,

-against-

PROGRAMIT, INC.,
MARSHALL CARO,
PROTECTIT TECHNOLOGY,
ASSOCIATED IMPERATIVES, LTD., and
P.I. SYSTEMS, LTD.,

Defendants.

Index No. 19178/87

IA Part 9

**[EMERGENCY]**

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER FOR PERMANENT INJUNCTION AND CONTEMPT OF COURT**

**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER FOR PERMANENT INJUNCTION AND CONTEMPT OF COURT**

Upon the Judgment and Order entered March 28, 1995, the annexed Affirmation of Evan S. Rothfarb in Support of Order to Show Cause sworn to August 4, 2010, the annexed Affidavit of Bill Rothfarb in Support of Order to Show Cause sworn to August 4, 2010, and the accompanying Memorandum of Law in Support of Order to Show Cause dated August 3, 2010,

FEE PAID
AUG 04 2010
NEW YORK
COUNTY CLERK'S OFFICE

LET third-party obligor Fidelity Brokerage Services LLC d/b/a Fidelity Investments (hereinafter, Fidelity), or its attorneys, appear before this Court at Part IAS 10, in Room 232, 60 Centre Street, New York, New York, on the 26th day of August, 2010, at 9:30 a.m./p.m., or as soon thereafter as counsel may be heard, and show cause why an order should not be entered pursuant to N.Y. C.P.L.R. 2308, 5240, 5251, 6301 and 6313 and N.Y. Judiciary Law § 753:

(1) enjoining Fidelity and its agents, employees and representatives for a period of one calendar year from July 16, 2010 from removing any duly issued restraints upon all accounts, assets or other personal property in the possession of Fidelity in which it appears judgment debtor Marshall Caro has an interest, including, but not limited to the accounts identified as Marshall Caro, ###-##0020 and INDII COM USE LLC – Marshall Caro, ###-##3272;

(2) enjoining Fidelity and its agents, employees and representatives for a period of one calendar year from July 16, 2010 from making or suffering any sale, assignment or transfer of, or any interference with, any property in which Marshall Caro has an interest, or paying over or otherwise disposing of any debts owed to Marshall Caro;

(3) finding that Fidelity has willfully disobeyed the lawful mandate of this Court by failing to honor the duly issued restraint upon the accounts in its possession in which judgment debtor Marshall Caro has an interest pursuant to the Information Subpoena With Restraining Notice served upon it on or about July 16, 2010;

(4) finding that Fidelity has willfully disobeyed the lawful mandate of this Court by failing to fully and completely answer questions posed to it in the Information

Subpoena Questionnaire accompanying the Information Subpoena With Restraining Notice served upon it on or about July 16, 2010;

(5) holding Fidelity in contempt of court pursuant to N.Y. C.P.L.R. 2308 and 5251 and N.Y. Judiciary Law § 753;

(6) sanctioning Fidelity and imposing a fine equal to all costs and attorneys' fees incurred by plaintiff in bringing this Order and conducting the related hearing;

(7) sanctioning Fidelity and imposing a fine of $500,000.00 for willful disobedience of orders issued under the authority of this court; and

(8) awarding such other and further relief as this court deems just and proper.

IT BEING alleged in the aforesaid papers that temporary relief is necessary to prevent irreparable harm to plaintiff pending the hearing and the determination of the within motion for permanent injunction and contempt; and it appearing that plaintiff may be entitled to such relief pursuant to N.Y. C.P.L.R. 5240 and 5251, it is hereby:

I **ORDERED** that the purpose of the hearing scheduled above is to punish for contempt, punishment may include imprisonment and failure to appear may result in arrest and imprisonment; and it is further

NOT A PROPER TRO PROVISION

J.J.G.

JUDITH J. GISCHE, J.S.C.

II **ORDERED** that ~~unless or until directed by court order or plaintiff's counsel~~ Pending the hearing of this motion, Fidelity and its agents, employees and representatives shall not remove any duly issued restraints upon any accounts, assets or other personal property in the possession of Fidelity in which it appears judgment debtor Marshall Caro has an interest, including, but not limited to the accounts identified as Marshall Caro, ###-##0020 and INDII COM USE LLC – Marshall Caro, ###-##3272; and it is further

J.J.G.

JUDITH J. GISCHE, J.S.C.

III ORDERED that on or before August ______, 2010, Fidelity shall fully, thoroughly and completely answer the Information Subpoena Questionnaire accompanying the Information Subpoena With Restraining Notice served upon it on or about July 16, 2010 and serve such responses on plaintiff's counsel, and it is further

JUDITH J. GISCHE, J.S.C.

IV ORDERED that on or before August ______, 2010, Fidelity shall serve upon plaintiff's counsel all banking records, including statements of account, withdrawals, payments, transfers and deposits, for the accounts identified as Marshall Caro, ###-##0020 and INDII COM USE LLC – Marshall Caro, ###-##3272 since January 1, 2003; and it is further

JUDITH J. GISCHE, J.S.C.

V ORDERED that the status quo is preserved.

5 SUFFICIENT CAUSE APPEARING THEREFORE, let service of a copy of this order, and the papers upon which it is based, by personal service or overnight delivery on or before August 11th, 2010 upon:

JUDITH J. GISCHE, J.S.C.

Fidelity Investments
Attn: Risk Operations
100 Crosby Parkway, KC1D
Covington, KY 41015

and

Marshall A. Caro
47 Angelus Drive
Greenwich, CT 06831

and

Programit, Inc.
Protectit Technology
Associated Imperatives, Ltd.
P.I. Systems, Ltd.
c/o Marshall A. Caro
47 Angelus Drive
Greenwich, CT 06831

be deemed good and sufficient notice of this application.

AUG 04 2010

ORAL ARGUMENT DIRECTED

J.S.C.

JUDITH J. GISCHE, J.S.C.

ENTER:

J. S. C.

JUDITH J. GISCHE, J.S.C.

# EXHIBIT 8

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: JUDITH J. GISCHE, J.S.C.
Justice

PART 10

Rutherford, Bill

-v-

Progroment, Inc

INDEX NO. 019178/1987 ~~019178-87~~

MOTION DATE

MOTION SEQ. NO. 007

MOTION CAL. NO.

Steno Record

The following papers, numbered 1 to ____ were read on this motion to/for ____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion: ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion

OSC resolved as per stipulation

Motion denied as moot

Stays Vacated

Petition resolved as per stip

FILED AUG 27 2010 NEW YORK COUNTY CLERK'S OFFICE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: 8/26/10

JUDITH J. GISCHE, J.S.C. J.S.C.

Check one: ☒ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BILL ROTHFARB<br><br>Plaintiff,<br><br>-against-<br><br>PROGRAMIT, INC.,<br>MARSHALL CARO,<br>PROTECTIT TECHNOLOGY,<br>ASSOCIATED IMPERATIVES, LTD., and<br>P.I. SYSTEMS, LTD.,<br><br>Defendants. | Index No.019178/87<br><br>(Gische, J.)<br><br>STIPULATION AND ORDER |




STIPULATION AND ORDER

WHEREAS, on March 28, 1995, a judgment was entered in favor of Bill Rothfarb and against Marshall Caro in the amount of $204,018.23 plus statutory interest at 9% annually pursuant to N.Y. C.P.L.R. 5003 and 5004;

WHEREAS, plaintiff Bill Rothfarb is a judgment creditor of Marshall Caro in the above-entitled action;

WHEREAS, on or about July 16, 2010, plaintiff issued an Information Subpoena With Restraining Notice to Fidelity Brokerage Services LLC doing business as Fidelity Investments (hereinafter, "Fidelity") restraining accounts held by Fidelity in which it appeared judgment debtor Marshall Caro had an interest;

WHEREAS, on or about July 27, 2010, Fidelity responded to the Information Subpoena Questionnaire accompanying plaintiff's Information Subpoena With Restraining Notice;

WHEREAS, on August 4, 2010, the Honorable Judith J. Gische, Justice of the Supreme Court, executed an Order to Show Cause with Temporary Restraining Order for Permanent Injunction and Contempt of Court, temporarily restraining all accounts held by Fidelity in which it appears Marshall Caro has an interest and, inter alia, directed the parties in the action to appear before the Court at IAS Part 10, in Room 232, 60 Centre Street, New York, New York, at 9:30 a.m. on August 26, 2010; and

**WHEREAS**, on August 4, 2010, Fidelity commenced an interpleader action in the Southern District of New York, No. 10-CIV-5893 (Jones, J.), naming Marshall Caro, Walter Raquet, Indii.com USE, LLC and Bill Rothfarb as defendants;

**WHEREAS**, on or about August 16, 2010, Fidelity issued a supplemental response to the Information Subpoena Questionnaire accompanying plaintiff's Information Subpoena With Restraining Notice; and

**WHEREAS**, Fidelity is currently restraining account numbers XXX-XX0020; XXX-XX3272; XXX-XX9855; and XXX-XX4068 pursuant to the aforementioned temporary restraining order signed by Justice Gische because it appears that Marshall Caro may have an interest in each and every one of those accounts.

**IT IS HEREBY STIPULATED** and agreed between plaintiff/judgment-creditor Bill Rothfarb and Fidelity, both parties represented by counsel:

1. Plaintiff's motion for contempt, sanctions, fines, attorneys' fees and to compel is withdrawn with prejudice;

2. Fidelity does not object to the Court's continuation of the injunction against account number XXX-XX3272 pending the issuance of a further order by the federal court in the interpleader action directing Fidelity to deposit the funds and assets of the account into the court, restraining the account during the pendency of the interpleader action or directing any other disposition;

3. Fidelity will move as soon as practicable for an order in the interpleader action directing Fidelity to deposit the funds and assets in account number XXX-XX3272 with the court or restrain the account during the pendency of the interpleader action and to be dismissed from the interpleader and protected against claims by the parties and Plaintiff will not oppose the Motion;

4. If this court elects not to continue the injunction against account number XXX-XX3272, Fidelity will not oppose a motion seeking an order of attachment against account number XXX-XX3272 that will remain in effect until such time as the court in the interpleader action issues an order directing what should be done with said account;

5. If this court elects not to continue the injunction against account number XXX-XX3272 and/or does not grant a motion for an order of attachment against account number XXX-XX3272, Fidelity (through its attorneys Thompson Hine LLP) will accept immediate service of a new restraining notice against account number XXX-XX3272 issued pursuant to N.Y. C.P.L.R. 5222 and 5222-a;

6. Fidelity (through its attorneys Thompson Hine LLP) will accept service of a supplemental Information Subpoena With Information Subpoena Questionnaire and a Subpoena Duces Tecum seeking records regarding Mr. Caro's, Indii.com, LLC's, and Indii.com USE, LLC's accounts with Fidelity, utilize its best efforts to promptly comply

in good faith, and attempt to reconcile any issues concerning the scope of the subpoenas. However, nothing herein shall waive or compromise Fidelity's rights with respect to its response, objections or otherwise regarding such discovery;

7. Nothing herein shall impair Fidelity's rights to seek reimbursement of its costs and attorneys' fees from the funds and assets in account number XXX-XX3272 or otherwise; and

8. Upon the issuance of this Order, the following accounts held by Fidelity, account numbers XXX-XX0020; XXX-XX3272; XXX-XX9855; and XXX-XX4068, shall be released from all restraints.

Dated: New York, New York
August 25, 2010

ROTHFARB LAW, PLLC

By: [signature]
Evan S. Rothfarb
11 Broadway, Suite 615
New York, NY 10004
(212) 480-1010
*Attorneys for Plaintiff and Judgment Creditor Bill Rothfarb*

Dated: New York, New York
August 25, 2010

THOMPSON HINE, LLP

By: [signature]
Michael G. Shannon
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
(212) 212.344.5680
*Attorneys Fidelity Brokerage Services LLC*

**SO ORDERED:**

________________________
Judith J. Gische, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CIVIL TERM: PART 10

--------------------------------------------------X

BILL ROTHFARB,

Plaintiff,

Index No. 019178/87

- against-

PROGRMIT, INC., MARSHALL CARO, et al

Defendants.

--------------------------------------------------X

60 Centre Street
New York, New York 10007
August 26, 2010

B E F O R E:

HONORABLE JUDITH GISCHE,
Justice

A P P E A R A N C E S:

ROTHFARB LAW, PLLC
Attorneys for Plaintiff
11 Broadway - Suite 615
New York, New York 10004
BY: EVAN S. ROTHFARB, ESQ.

THOMPSON HINE, LLP
Attorneys for Fidelity Brokerage
335 Madison Avenue - 12th Floor
New York, New York 10017
BY: MICHAEL G. SHANNON, ESQ.

DONNA DRUMM., ESQ.
Attorneys for Marshall Caro
P.O. Box 11158
Greenwich, CT 06831
BY: DONNA DRUMM, ESQ.

ROBERT CHODOS
Official Court Reporter

THE COURT: We're on the record in the case of Rothfarb against Programit.

Appearances.

MR. ROTHFARB: Rothfarb Law, PLLC, 11 Broadway, Suite 615, New York 10004, by Evan Rothfarb for Plaintiff Bill Rothfarb.

THE COURT: Relationship.

MR. ROTHFARB: He is my father, your Honor.

THE COURT: Okay.

MS. MORRISON: Lori Morrison.

MR. SHANNON: Michael Shannon of Thompson Hine representing Fidelity Brokerage.

THE COURT: Your name again.

MR. SHANNON: Michael Shannon.

MS. DRUMM: Donna Drumm representing Marshall Caro.

THE COURT: Let me just start off by saying that when I originally spoke to you folks off the record Mr. Shannon indicated to me that he had reached a stipulation with the Plaintiff. I believe you are just a stakeholder here. I did get papers from you.

Do I have a copy of that stipulation?

Do I need to consider your papers?

What is the status of that before I get onto the real dispute here?

MR. SHANNON: Yes, your Honor.

We have a stipulation that I would like to hand up. It is only between Fidelity and Plaintiff. It begins with the Plaintiff's withdrawal of a motion for contempt, sanctions, fine, or attorney fees and to compel against Fidelity.

THE COURT: Okay.

That is pretty important.

MR. SHANNON: Also, what to do about continuing the restraint. We disclosed the existence of four brokerage accounts and papers back and forth. I think there is Agreement between the competing parties that three of those accounts in the name of Mr. Caro individually should be -- should be free from any restraint. There is a dispute as to an account known as the Indii account.

THE COURT: Indii account?

MR. SHANNON: We have commenced an action in the Federal Court and for interpleader. I believe Plaintiff is consenting to proceed in that.

The one issue for your Honor as it effects

Fidelity is what to do about continuing or not continuing the restraint on the Indii account.

Fidelity is not objecting to whatever ruling your Honor makes on it. We have a proposed stipulation and Order which would address all of these things I just described plus my consent to receive some Discovery.

THE COURT: One question I have and then I'll let everybody address this. To the extent interpleader is filed, wouldn't that arrest me of jurisdiction of this particular dispute? The money is going to go in -- you're going to put it in the Federal Court. I'm assuming you are doing that because you're not even, in a way you're not subject to my jurisdiction. Aren't you out of state?

MR. SHANNON: Yes.

The Order we propose would provide for continuation of restraint until the Federal Judge decided what to do with it. So, that is what they're asking for. I assume that Indii would prefer your Honor not to --

MS. DRUMM: Yes.

MR. SHANNON: I would like to tender this relation. If your Honor ordered it, you do -- if you modify it --

THE COURT: It is signed by the parties.

MR. SHANNON: Signed by Plaintiff and by Fidelity.

THE COURT: And not by Caro?

MR. SHANNON: Yes.

THE COURT: So, let me start with you.

Do you agree with Mr. Shannon's assessment that is all that is left in this action?

MR. ROTHFARB: Yes.

THE COURT: Continuation of restraint until, in fact, you get this into Federal Court?

MR. ROTHFARB: It's really continuation of injunction. Restraint. As we get into argument there is questionable status whether it's valid because of the automatic operation of law. We will get into this in argument.

THE COURT: Well, that is important to me. The Temporary Restraining Order that I issued was based upon the valid service of an Order restraining the account. In absence of that why would I mess around with this?

MR. ROTHFARB: We believe we have set forth -- if your Honor recalled in our Order to Show Cause, we had complained that Fidelity had not complied with an information subpoena. Fidelity during the course after

one was signed served a supplemental information subpoena. That was served after exception notice was filed. At this point, we now have sufficient indica of fraudulent conveyance.

THE COURT: Why can't you serve another notice which would serve --

MR. ROTHFARB: A restraining notice?

THE COURT: Yes.

Why involve me if you are going into Federal Court? On some level the way you invoke my jurisdiction, you used process of law you were claiming was not complied with.

MR. ROTHFARB: That is right. At that time --

THE COURT: I am not sure, you know, in the absence of you exercising something appropriate against Mr. Caro's account, what would give me other than you may want me to, what gives the legal nexus to otherwise continue restraint on that account?

MR. ROTHFARB: As I said, we believe we have sufficient ground at this point or preliminary injunction based on the facts which have come out.

THE COURT: You don't get a preliminary injunction unless you're looking for permanent injunction or something else in this Court. If you are telling me you are going to Federal Court, I say okay,

fine, you know, whatever a Federal Judge does they do. You cannot use me as a Band Aid until you get there.

MR. ROTHFARB: Your Honor --

THE COURT: I mean unless you have law that tells me you can use me as a Band Aid, don't you have to run to Federal Court and ask them for some kind of preliminary relief, serve restraining notices, or what you can do now now that you got the information from Fidelity, I am done, aren't I?

MR. ROTHFARB: Your Honor, in the interest of expediting, we believe we come to you and ask for preliminary relief because it is easier administration of the relief.

THE COURT: But, I don't understand. Easy, that is great, I am not about easy, I am about due process. You tell me judicially why I can do what you're asking me to do then I say okay, I'll consider it. If I have no jurisdiction, if it's easier or not is of no concern to me.

MR. ROTHFARB: We're willing to invoke legal process separate and apart from your Order and serve a second restraint which they agreed to accept right now by stipulation.

THE COURT: If you do that then you're done here, right?

MR. ROTHFARB: Yes.

MS. DRUMM: Your Honor, we have procedural and due process objections to the restraining order. We would again process -- if you start the process all over again --

THE COURT: You start all over again.

Now, they will serve you with restraining notice. It's right or wrong. The Federal or State Judge who gets it will figure it out. Now, best I can tell, right, is the -- the problem is the information subpoena, you got the information, you narrowed it down, Fidelity is out of the situation. You don't have anything you served on Caro's account yet. Right?

MR. ROTHFARB: Original restraining notice.

THE COURT: On that account.

MR. ROTHFARB: It applied to all accounts in which it appeared.

THE COURT: You told me that it is expiring.

MR. ROTHFARB: It became a legal melody.

THE COURT: Okay.

I cannot enforce a legal melody. I will not hold your place until you serve a proper restraining notice. They will take it on its face or not. You will support it in Court, in Federal Court or State Court or not, but I am scratching my head about what is

left in front of me, and with all due respect I don't buy it because it's easier argument. I want to know what is my jurisdiction up here.

MR. ROTHFARB: Regarding that the Courts are empowered under Article II to maintain post- judgment proceedings particularly with regard to fraudulent conveyance.

THE COURT: But you're not going to proceed on that, or are you? You're going to proceed in State Court or not?

MR. ROTHFARB: Your Honor, we are proceeding on multiple fronts. Interpleader is with regard to the Indii account specifically. We may prevail or not. Our right against debtor is far beyond interpleader.

THE COURT: You don't have an enforcement proceeding now except to the extent you did not get information on the information subpoena. Correct?

MR. ROTHFARB: That is correct.

THE COURT: So you can start something new, I guess. I am not about to continue the restraint based upon how it has been represented to me. Quite frankly it sounds like the stipulation resolves this case period. Right?

MR. ROTHFARB: Pretty much except for injunctive relief which you are not inclined to grant.

THE COURT: I will not grant preliminary injunctive relief for something which I do not have anything to grant permanent injunctive relief. You don't have a proceeding for that right now. Maybe you will. Maybe you won't. I don't know. Maybe you will go to Federal Court. It sounds like interpleader will be commenced and the money will be in that Court. You may have to run around and get your restraint served immediately.

MR. ROTHFARB: As part of the stipulation your Honor, Fidelity has agreed to move to deposit the funds in the interpleader.

MR. SHANNON: Your Honor, I appreciate the Court's comment about Band Aid. When I walk out of here I am sure that the client's question is, what is restrained, if anything, and I think the only thing that is open is the Indii account.

THE COURT: Right.

MR. SHANNON: If the Temporary Restraining Order -- originally we had a restraining notice. There were exceptions filed to it which could cause it to laps. If there were no objection, none were filed, we had your Honor's restraining notice which brings us to today.

THE COURT: Right.

MR. SHANNON: We have already filed. We already filed the interpleader. We have not moved to deposit the assets so this potential gap maybe hours between the service of a new restraint or the continuation of your Honor's Order and the expiration of the existing restraint.

THE COURT: What is my jurisdiction other than the fact -- I understand the problem. It's not that I don't understand the problem, and quite frankly I am sure Miss Drumm, if I lift the restraint, she will make a phone call and take that money out. Right?

Where is the restraint? Now you know, Mr. Rothfarb. Where is the restraint now you will serve it on them?

MR. ROTHFARB: In my bag, your Honor.

THE COURT: Serve it on them and we're done. I don't see the jurisdiction for me. I think it's really in your ball park now.

MS. DRUMM: May I be heard?

THE COURT: Yes.

MS. DRUMM: Our main contention is procedurally our exceptions were served. We feel the restraint should be -- Indii is not the proper party. Mr. Caro is not a party.

THE COURT: I think that will probably be

resolved, too. I don't want to say to everybody's satisfaction.

MS. DRUMM: Your Honor, I just wanted to state my objection.

THE COURT: Of course.

MR. SHANNON: I ask the Court to accept the stipulation.

THE COURT: I will.

MR. SHANNON: That is --

MS. DRUMM: Note my objection as to Indii. I just want my objection noted.

THE COURT: Okay.

That resolves what is in front of me. I will otherwise so order it.

I will otherwise resolve the emergency Order to Show Cause and Temporary Restraining Order in front of me by otherwise determining them resolved as to Fidelity with respect to the stipulation and the matter otherwise moot by virtue of the fact that there is going to be a Federal interpleader and the restraint that is involved lapse and new restraint will be served.

Okay.

MR. SHANNON: Thank you, your Honor.

Proceedings

I DO HEREBY CERTIFY that the foregoing, is a true and accurate transcription of the original stenographic notes.

Robert E. Chodos,
Senior Court Reporter

# EXHIBIT 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BILL ROTHFARB<br><br>Plaintiff,<br><br>-against-<br><br>PROGRAMIT, INC.,<br>MARSHALL CARO,<br>PROTECTIT TECHNOLOGY,<br>ASSOCIATED IMPERATIVES, LTD., and<br>P.I. SYSTEMS, LTD.,<br><br>Defendants. | Index No. 19178/87<br><br>(Gische, J.)<br><br>**RESTRAINING NOTICE** |

**RE:** ***Rothfarb v. Programit, Inc. et al.***, funds of **Marshall A. Caro**, Defendant and Judgment Debtor, Social Security Number 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, with home address located at 47 Angelus Drive, Greenwich, CT 06831
(OUR FILE NUMBER: 00005-ROTHFARB)

**THE PEOPLE OF THE STATE OF NEW YORK**

**TO:** Fidelity Brokerage Services LLC d/b/a Fidelity Investments
c/o Thompson Hine, LLP
Attn: Michael G. Shannon, Esq.
335 Madison Avenue – 12th Floor
New York, NY 10017-4611

**RESTRAINING NOTICE**

**WHEREAS,** in an action in the Supreme Court of New York, New York County, between BILL ROTHFARB as plaintiff and PROGRAMIT, INC., MARSHALL CARO, PROTECTIT TECHNOLOGY, ASSOCIATED IMPERATIVES, LTD., and P.I. SYSTEMS, LTD., defendant(s) who are all the parties in said action, a judgment was entered in favor of BILL ROTHFARB as judgment creditor and against **MARSHALL CARO** as judgment debtor in the amount of $204,018.23 of which the entire amount together with interest thereon at 9% annually from March 28, 1995 remains due and unpaid and is now equal to more than **$486,000.00**; and

**WHEREAS, FIDELITY BROKERAGE SERVICES LLC** doing business as **FIDELITY INVESTMENTS** (hereinafter, "Fidelity") resides and has an office for the regular transaction of business in person in New York County.

**WHEREAS,** it appears that Fidelity is in possession of property in which the judgment debtor Marshall Caro has an interest located in account number XXX-XX3272;

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property contained in account number XXX-XX3272 or to pay over or otherwise dispose of any such property contained therein except as therein provided.

**TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtor has an interest hereafter coming into your possession or custody in account number XXX-XX3272.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

New York, New York
Dated: August 25, 2010

ROTHFARB LAW, PLLC

By: [signature]
Evan S. Rothfarb
11 Broadway, Suite 615
New York, NY 10004
(212) 480-1010
*Attorneys for Plaintiff and Judgment Creditor Bill Rothfarb*

# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARSHALL CARO, WALTER RAQUET, INDII.COM USE LLC, AND BILL ROTHFARB,<br><br>Defendants. | 10 CIV 5893 (BSJ)<br><br>**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER, AND RELATED RELIEF** |

Upon the affidavit of Michael G. Shannon, sworn to the 7th day of September, 2010, and the annexed affidavit of Christian Jeri, sworn to the 20th day of August, 2010, upon the Memorandum of Law of Plaintiff Fidelity Brokerage Services LLC ("Fidelity") dated September 7, 2010, and upon the copy of the complaint hereto annexed, it is

ORDERED, that the defendants Marshall Caro, Walter Raquet, Indii.com USE LLC, and Bill Rothfarb ("Defendants") show cause before a motion term of this Court, at Room 1920, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on Sept. 16, 2010, at 10:00 o'clock in the fore noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to 28 U.S.C. §§ 1335 and 2361 granting Fidelity's request for Interpleader, dismissing Fidelity from this action, discharging Fidelity from further liability, awarding Fidelity its attorneys' fees and costs of bringing this action, permanently enjoining Defendants from instituting or prosecuting any action against Fidelity or any subsidiary, parent company or affiliated company of Fidelity, with regards to the account in the name of defendant Indii.com USE LLC (account number ###-

##3272) that Fidelity is the custodian of (the "Indii.com Account"), and awarding Fidelity such other and further relief as the Court may deem just; and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing of Fidelity's application, pursuant 28 U.S.C. §§ 1335 and 2361 Defendants are temporarily restrained and enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the Indii.com Account until further order of this Court; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1335 Fidelity shall liquidate the positions in the Indii.com Account and deposit the funds of the Indii.com Account into the Registry of this Court; and it is further

ORDERED that, pursuant to 28 U.S.C. § 2361 service of a copy of this order and annexed affidavit and memorandum of law shall be served ~~by the United States marshals~~ on defendant Marshall Caro to his attorney, Donna Drumm, Esq., at One North Broadway Suite 512 White Plains, New York 10601, on defendant Walter Raquet at 215 Via Del Mar, Palm Beach, Florida 33480, on defendant Indii.com USE LLC to it's attorney, Donna Drumm, Esq., at One North Broadway Suite 512 White Plains, New York 10601, and on defendant Bill Rothfarb to his attorney, Evan Rothfarb, at 11 Broadway, Suite 615, New York, NY 10004, or by Fed Ex Overnight Delivery to the Defendants at the addresses listed above by Sept. 13 ____, 2010 by overnight Fedex or email. bsj.

DATED: New York, New York

ISSUED: 7:50 a. M

Barbara S. Jones
United States District Judge

194711.1

no bond required
bsj.

# EXHIBIT 11

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/22/11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FIDELITY BROKERAGE SERVICES LLC,

Plaintiff,

v.

MARSHALL CARO, WALTER RAQUET, INDII.COM USE LLC, and BILL ROTHFARB,

Defendants.

10 Civ. 5893(BSJ)(RLE)

**Memorandum and Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Fidelity Brokerage Services LLC ("Fidelity") filed an order to show cause as to why an order should not be entered (1) permanently enjoining Defendants Marshall Caro ("Caro") and Indii.com USE LLC ("Indii") from prosecuting any action or proceeding against Fidelity with regard to the Indii account that is the subject of the interpleader action before this Court; (2) enjoining Caro and Indii from prosecuting an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA") and requiring Caro and Indii to dismiss the FINRA arbitration with prejudice; (3) finding Caro and Indii in contempt of this Court's November 24, 2010 Order; and (4) awarding Fidelity further relief as the Court may deem just. For the reasons provided below, Fidelity's order to show cause is DENIED.

**BACKGROUND**

On November 24, 2010, the Court denied Caro's and Indii's motion to dismiss Fidelity's interpleader complaint. (Dkt. 39.) The Court granted Fidelity's request for interpleader relief, but reserved determination on what, if any, attorneys' fees Fidelity should be awarded. (Id.) The Court also vacated its October 22, 2010 Order staying all actions involving the parties. (Id.)

Shortly thereafter, in late November, Caro informed the Court that he satisfied the underlying judgment to Bill Rothfarb ("Rothfarb"), which is what spawned the interpleader action. Fidelity subsequently filed an application for attorneys' fees and costs. (Dkt. 41.) Fidelity seeks $64,179.59 in attorneys' fees and $405.01 in costs. (Dkt. 42.)

In January 2011, Caro and Indii filed a complaint against Fidelity before FINRA. (Fidelity's Order to Show Cause Ex. 6.) Caro and Indii argue, among other things, that Fidelity's initial restraints of Caro's and Indii's accounts were unlawful. (Id.) They also argue that Fidelity violated its contractual obligation to arbitrate all disputes and forego all lawsuits. (Id.)

**FINDINGS**

Fidelity deposited approximately $769,000.00 into the Registry of the Court. Upon review of the parties' submissions and in view of the fact that Caro satisfied the amount of the underlying judgment to Rothfarb, the order restraining the Indii account is VACATED. The Clerk of the Court is directed to release, to Indii's possession, all of the funds Fidelity deposited into the Court's Registry.

In regard to Fidelity's Order to Show Cause, although the Court granted Fidelity's request for interpleader relief, it never considered whether Fidelity acted properly, in the first instance, by freezing Indii's account or by not submitting the parties' dispute to arbitration. Accordingly, there is no basis for enjoining Caro and Indii from prosecuting the FINRA action or for finding Caro and Indii in contempt of this Court's November 24, 2010 Order.

To the extent Fidelity seeks attorneys' fees and costs for prosecuting the interpleader action, that application remains under consideration by the Court.

**CONCLUSION**

For the reasons provided above, Fidelity's Order to Show Cause is DENIED. The Clerk of the Court is directed to release, to Indii's possession, all of the funds Fidelity deposited into the Registry of the Court.

SO ORDERED:

Barbara S. Jones

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated: New York, New York
April 22, 2011