**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

Marshall Caro, Indii.com USE, LLC

Plaintiffs,

v.

FIDELITY BROKERAGE SERVICES LLC, KATHERINE HO, BILL ROTHFARB, EVAN ROTHFARB, MICHAEL SHANNON, and MICHAEL HOENIG,

Defendants.

---

CIVIL NO: 3:12-cv-01066(CSH)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT FIDELITY BROKERAGE SERVICES LLC TO DISMISS PLAINTIFFS' PROPOSED AMENDED COMPLAINT AND PETITION**

# TABLE OF CONTENTS


PRELIMINARY STATEMENT .......... 1

RELEVANT PROCEDURAL BACKGROUND AND ALLEGATIONS .......... 1

Procedural Background .......... 1

Pre-arbitration Proceedings .......... 2

The Arbitration Claim And Proceedings .......... 3

Complaint and Petition to Vacate the Award .......... 4

Amended Complaint and Petition to Vacate the Award .......... 4

ARGUMENT .......... 5

I. ALL OF THE NEWLY ADDED CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE .......... 5

A. New York Law Applies To All Of Plaintiffs' Newly Added State Law Tort Claims .......... 6

B. The Trespass To Chattel Claim Should Be Dismissed Because There Is No Identified Chattel At Issue .......... 7

C. The Abuse Of Process Claim Should Be Dismissed Because All Prior Proceedings Were Properly Initiated And Administered .......... 8

D. The Breach Of Duty Claim Should Be Dismissed Because Defendants Do Not Owe Any Such Duty To Plaintiffs .......... 9

E. The Claim For Intentional Interference With Contractual Relations Should Be Dismissed .......... 10

F. No Valid Claim For "Conspiracy" Is Alleged .......... 11

II. PLAINTIFFS' MOTION TO VACATE, WHICH REMAINED UNCHANGED, IS ALSO SUBJECT TO DISMISSAL FOR THE REASONS PREVIOUSLY STATED .......... 12

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........ 5

*Bishop v. Best Buy, Co.*, 08 Civ. 8427 (LBS), 2011 U.S. Dist. LEXIS 102179, at *32 (S.D.N.Y. 2011) (quoting *Biosafe-One, Inc. v. Hawks*, 639 F.Supp.2d 358, 359 (S.D.N.Y. 2009) ........ 7

*Chace v. Bankers Trust Co.*, No. 89 Civ 4497 (CSH), 1990 U.S. Dist. LEXIS 3028, at *10-11 (S.D.N.Y. Mar. 17, 1990) (citing *Robbins v. Ogden Corp.*, 490 F.Supp. 801, 810 (S.D.N.Y. 1980) ........ 10

*Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK), 2012 U.S. Dist. LEXIS 67207, at *70 (S.D.N.Y. 2012) ........ 7

*CIBC Bank & Trust Co. v. Banco Cent. do Brasil*, 886 F. Supp. 1105, 1119 (S.D.N.Y. 1995) ........ 10

*Filler v. Hanvit Bank*, 156 Fed. Appx. 413, 418 (2d Cir. 2005) ........ 12

*Kashi v. Gratsos*, 790 F.2d 1050, 1055 (2d Cir. 1986) ........ 11

*Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) ........ 12

*Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999) ........ 6

*Merrill Lynch Futures, Inc. v. Miller*, 686 F. Supp. 1033, 1043 (S.D.N.Y. 1988) (citing *Kalso Systemet, Inc. v. Jacobs*, 474 F. Supp. 666, 670 (S.D.N.Y. 1979) ........ 8

*Muller-Paisner v. TIAA*, No. 03 Civ. 6265 (GWG), 2012 U.S. Dist. LEXIS 111785, at *37 (S.D.N.Y. Aug. 9, 2012) ........ 9

*Wells Fargo Bank, N.A. v. Konover*, 05-cv-1924 (CFD), 2011 U.S. Dist. LEXIS 32079, at *43 (D. Conn. Mar. 28, 2011) ........ 6

## PRELIMINARY STATEMENT

Plaintiffs Marshal Caro's and Indii.com USE, LLC's ("Indii") (collectively "Plaintiffs") Proposed Amended Complaint and Petition to Vacate ("Amended Complaint") should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiffs' attempt to amend to include tort claims against anyone and everyone involved in their underlying arbitration case as well as the prior state court and federal court matters is simply harassment, plainly without merit and intended to run up Defendants' costs. Additionally, the portion of the Amended Complaint that repeats the original basis for seeking vacatur of the underlying arbitration award should be dismissed for the reasons stated in Fidelity's previously filed Opposition and Cross-Motion to Confirm ("Opposition"), which is hereby adopted and incorporated in full. Insofar as Plaintiffs have styled this filing as a motion to amend and have not served the individuals sought to be joined as defendants in the Amended Complaint, this motion is made only by Fidelity. Should the amendment be allowed it is anticipated that Fidelity's employee (Ms. Ho) and its outside counsel (Messrs. Hoenig and Shannon) would be represented by the undersigned and would make similar motions.

## RELEVANT PROCEDURAL BACKGROUND AND ALLEGATIONS

### Procedural Background

This case was initiated on July 20, 2012 when Plaintiffs filed a motion to vacate the underlying arbitration award styled as a Complaint and Petition ("Complaint") against Fidelity, the sole defendant at the time. (Docket, 1.) Fidelity responded on October 1,

---

[1] Based on the Court's ruling in *A. v. Hartford Bd. of Educ.*, 3:11-cv-1381 (CSH), 2012 U.S. Dist. LEXIS 126387 (D. Conn. Sept. 6, 2012), Fidelity is proceeding with a Motion to Dismiss on the understanding that the Court will deem the Amended Complaint as having been filed as of right. Additionally, through the filing of this motion, Fidelity does not intend to waive any right to arbitration and preserves the same. *See* Fed. R. Civ. Proc. 12(h)(1) and 12(b)(2)-(5) enumerations.

2012 with its opposition to the motion to vacate and its own motion to confirm the underlying arbitration award. (Docket, 8-17.) Thereafter, on October 25, 2012, Plaintiffs filed a Motion to Amend their Complaint, and their proposed Amended Complaint, in which they seek to add five individual defendants (including Fidelity's counsel and employee and Caro's judgment creditor and his counsel) and four state law tort claims in an attempt to relitigate several prior cases including the validity of a 1995 judgment against Caro, a New York state enforcement proceeding, and a federal interpleader action as well as their arbitrated claims. (Docket, 25.) However, on the face of the proposed Amended Complaint, the new "claims" should be dismissed.

**Pre-arbitration Proceedings**

Despite Plaintiffs' colorful characterization, the underlying facts that led to the filing of this case and the underlying arbitration, stem from Plaintiffs' attempts to thwart efforts to collect a judgment against Caro from 1995 and his gamesmanship of moving his assets between various individual and purportedly "corporate" hiding places. (*See* Am. Compl. ¶¶ 2-9.) At the heart of this is the fact that in July 2010, in an attempt to collect on a judgment obtained against Caro, William Rothfarb, through his counsel, served a restraining notice and information subpoena on Fidelity restraining accounts at Fidelity in which Fidelity believed Caro "might have an interest" (Caro and Indii both had brokerage accounts at Fidelity). (*See* Am. Compl. ¶ 2.)

Upon receipt of the restraining notice Fidelity restrained an account in the name of Caro and an account in the name of Indii because Fidelity had reason to believe Caro "had an interest" in these accounts. (*See* Am. Compl. ¶ 3 and Docket, 12.) Among other things, Caro was 60% owner of Indii and the sole signatory on Indii's account, and "Indii's" account was almost entirely funded with assets Caro had transferred from his

personal account (and Caro had not disclosed these assets or his interest in Indii in an affidavit he signed). (Docket, 12.) When Caro learned of the restraint, Caro demanded that Fidelity lift the restraint on the Indii account. (Docket, 12.) At the same time, Fidelity received threats from Rothfarb's attorney threatening Fidelity with contempt if Fidelity released the restraint, and received a temporary restraining order from the New York Supreme Court and then a second restraining notice, *both of which specifically directed Fidelity to continue to restrain the Indii account.* (Docket, 12.)

Faced with these conflicting demands, threats, and directions, and rather than disobey the restraining notice, Fidelity filed an interpleader action in federal court in the Southern District of New York and was represented by Messrs. Hoenig and Shannon of the Thompson Hine firm. Fidelity deposited the proceeds of the disputed account with the court to allow the Plaintiffs and Rothfarb to resolve their dispute while allowing Fidelity as a neutral party to remove itself from the controversy. (*See* Am. Compl. ¶ 5 and Docket, 12.) Plaintiffs objected to the interpleader and moved to dismiss it. (*See* Am. Compl. ¶ 7.) The federal court denied Plaintiffs' motion, found that interpleader was proper because of the conflicting claims and discharged Fidelity from the case and awarded Fidelity attorneys' fees to be paid by the Plaintiffs and Rothfarb. (*See* Am. Compl. ¶ 15.) Caro then paid the judgment amount ($491,767.78) to Rothfarb in November 2010 and the Court released the funds that had been deposited. (Docket, 12.)

**The Arbitration Claim And Proceedings**

In January 2011, Caro and Indii filed a FINRA Arbitration Claim against Fidelity ("Claim"), rehashing the allegations regarding Rothfarb's issuance of the Restraining Notice. (*See* Am. Compl. ¶ 10.) After a four day hearing including pre-hearing briefing, several witnesses including Caro, exhibits and motions, the Panel entered a unanimous

Award dated April 24, 2012, in which the Panel denied all of Plaintiffs' claims in their entirety, awarded Fidelity $30,000.00 in attorneys' fees and assessed all hearing session fees against Plaintiffs. (*See* Am. Compl., Ex. 2.) In awarding the attorneys' fees, the Panel stated in the Award that it was "pursuant to both parties' request for attorneys' fees in their pleadings, during the hearing and in their post hearing submissions." (*See* Am. Compl., Ex. 2.)

**Complaint and Petition to Vacate the Award**

The Complaint in this case was originally filed on July 20, 2012, against Fidelity as the sole defendant, alleging entirely conclusory and unsubstantiated grounds for seeking to vacate the arbitration award. (Docket, 1.) Plaintiffs did not include any claims for state law torts, nor did they name any of the five individual defendants they now seek to add. (*See* Docket, 1.) Fidelity responded with an opposition to the petition to vacate the award and moved to confirm the award.

**Amended Complaint and Petition to Vacate the Award**

In addition to the previously alleged conclusory grounds on which Plaintiffs seek to vacate or modify the Award (which are already addressed in Fidelity's Opposition), Plaintiffs now seek to assert four new state law tort claims that are equally conclusory against Fidelity and five other individual defendants (specifically one of the undersigned counsel, Mr. Shannon, his former associate, Mr. Hoenig, a Fidelity employee, Ms. Ho, the judgment creditor, Bill Rothfarb, and his attorney, Evan Rothfarb). (Docket, 25.) It appears that this "amended" complaint was only served on Fidelity and it purports to be presented by Caro *pro se* and on behalf of his company Indii, which Caro, a non-attorney, purports to "represent."

## ARGUMENT

### I. ALL OF THE NEWLY ADDED CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

All of Plaintiffs' new claims should be dismissed because they are not adequately pled in accordance with the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (internal citations omitted). Further, the factual grounds must consist of more than labels and mere conclusions. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Plaintiffs' rhetoric is insufficient to obscure the inadequacy of its claims, which are belied by the very facts alleged in its Amended Complaint and exhibits thereto.

### A. New York Law Applies To All Of Plaintiffs' Newly Added State Law Tort Claims

Although Plaintiffs purport to raise their trespass to chattel, breach of duty and intentional interference with contractual relations claims under Massachusetts, Connecticut and New York law, there can be no real question that the law of New York is the only applicable law of which Plaintiffs may avail themselves. In deciding which law applies to Plaintiffs' tort claims, the Court should apply Connecticut's choice of law rules. *See Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999) (a "federal court sitting in diversity applies the choice of law rules of the forum state"). For tort claims, such as those asserted by Plaintiffs, "Connecticut applies the law of the place of injury" or the" 'most significant relationship test.' " *Wells Fargo Bank, N.A. v. Konover*, 05-cv-1924 (CFD), 2011 U.S. Dist. LEXIS 32079, at *43 (D. Conn. Mar. 28, 2011). In applying the "most significant relationship" test, the court should consider the place of injury and three other factors: (1) "the place where the conduct causing the injury occurred;" (2) "the domicile, residence, nationality, place of incorporation and place of business of the parties;" and (3) "the place where the relationship, if any, between the parties is centered." *Id.* Under either standard, New York law applies.

The entirety of Plaintiffs' claims consist of allegations that stem from Defendants' alleged denial to Plaintiffs of access to the funds in their Fidelity accounts pursuant to a lawfully entered restraining notice and subsequent interpleader complaint that decided the proper allocation of the same. To the extent that any injury occurred, it (as well as the conduct pursuant thereto) occurred in New York where Fidelity, through the undersigned and Mr. Hoenig, litigated the underlying interpleader and arbitration. There can be no

real question, therefore, that these claims should be analyzed exclusively under the laws of New York.

**B. The Trespass To Chattel Claim Should Be Dismissed Because There Is No Identified Chattel At Issue**

Plaintiffs' newly added claim for trespass to chattel, complaining solely of injury to Indii, should be dismissed because Plaintiffs have not and cannot state a claim for relief under New York law. In order to state a claim for trespass to chattel under New York law, a plaintiff must allege that "(1) defendants acted with intent, (2) to physically interfere with (3) plaintiffs' lawful possession [of chattels], and (4) harm resulted." *Bishop v. Best Buy, Co.*, 08 Civ. 8427 (LBS), 2011 U.S. Dist. LEXIS 102179, at *32 (S.D.N.Y. 2011) (quoting *Biosafe-One, Inc. v. Hawks*, 639 F.Supp.2d 358, 359 (S.D.N.Y. 2009)). Chattels are defined as physical property that is "[m]ovable or transferrable, such as personal property." *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK), 2012 U.S. Dist. LEXIS 67207, at *70 (S.D.N.Y. 2012) (internal citations omitted). Money, however, "is fungible and not properly characterized as a 'chattel.' " *Id.* at *70-71. Because Plaintiffs' claim for trespass to chattel is entirely based on their allegation that Defendants denied them "access to and use of its funds," (Am. Compl. ¶ 19), it is clear that they have failed to state a claim for relief under New York law. Additionally, it is clear from the face of the Amended Complaint and Fidelity's successful interpleader action, as well as its successful defense of the arbitration claim, that Plaintiffs were not "legally" entitled to the possession of the assets in the Fidelity accounts and were therefore not harmed by Fidelity's compliance with the restraints or transfer into the court in the interpleader occasioned by the underlying proceedings. In any event, Plaintiffs' plainly formulaic recitation of a cause of action for trespass to chattel is also subject to

dismissal because it is insufficient to meet the federal pleading standards of Rule 12(b)(6) because it does not support a plausible basis for the court to believe that Plaintiffs are entitled to relief. As such, the claim for trespass to chattel should be dismissed.

### C. The Abuse Of Process Claim Should Be Dismissed Because All Prior Proceedings Were Properly Initiated And Administered

Plaintiffs' newly added claim for abuse of process, complaining solely of injury to Indii, should be dismissed because Plaintiff has not, and cannot, state a claim for relief under New York law. In order to state a claim for abuse of process under New York law, a plaintiff must allege (1) that there is a "regularly issued process, civil or criminal, compelling the performance or forbearance of some prescribed act;" (2) that "the person activating the process must be moved by a purpose to do harm without that which has been traditionally described as economic or social excuse, or justification;" and (3) that "defendant must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process." *Merrill Lynch Futures, Inc. v. Miller*, 686 F. Supp. 1033, 1043 (S.D.N.Y. 1988) (citing *Kalso Systemet, Inc. v. Jacobs*, 474 F. Supp. 666, 670 (S.D.N.Y. 1979)). "The essence of the claim is the misuse or perversion of regularly issued process to the accomplishment of an improper purpose." *Miller*, 686 F. Supp. at 1043. Plaintiffs have failed to allege any such conduct in their Amended Complaint. What Fidelity did was to freeze the account assets in response to "process" "activated" by the judgment creditor and/or the New York court and then deposit the assets in the federal court in a successful interpleader. Yet, the entirety of Plaintiffs' allegation is that Defendants "acted in concert to abuse civil process in New York to deny Plaintiff Indii the access to and use of its funds all to the substantial financial loss and detriment of the Plaintiffs." (Am. Compl. ¶ 22.) This conclusory

allegation is plainly insufficient to meet the stringent federal pleading standards of Rule 12(b)(6) because it does not support a plausible basis for the court to believe that Plaintiffs are entitled to relief. There are no allegations of any effort by Fidelity to obtain any "collateral" advantage or any factual allegations of an intent to harm. On the very face of the Amended Complaint and its exhibits, it is clear that the actions of which Plaintiffs complain were taken by Defendants with the intention of complying with legal processes to which they were subject and that the adjudication of Plaintiffs' underlying claims involved a full and fair opportunity to Plaintiffs to litigate their claims and defenses. None of Plaintiffs' allegations support an opposite finding. As such, the claim for abuse of process should be dismissed.

### D. The Breach Of Duty Claim Should Be Dismissed Because Defendants Do Not Owe Any Such Duty To Plaintiffs

At the outset, Plaintiffs' claim for a general "breach of duty" is impossibly vague and cannot survive judicial scrutiny on a motion to dismiss. Plaintiffs have failed to identify any duty the Defendants owed to Indii, the only Plaintiff it claims to have been owed a duty. Without an identified duty, it is impossible to state a claim for relief for breach of said unidentified duty. *See, e.g.*, *Muller-Paisner v. TIAA*, No. 03 Civ. 6265 (GWG), 2012 U.S. Dist. LEXIS 111785, at *37 (S.D.N.Y. Aug. 9, 2012) ("To establish a claim for breach of fiduciary duty, in New York, a plaintiff must show (1) the existence of a fiduciary duty; and (2) breach of that duty."). Not only have Plaintiffs failed to identify any duty owed to Indii by Defendants, but it is also clear from the Amended Complaint that no such duty exists. Plaintiffs' claim for breach of an unknown and unidentified duty should therefore be dismissed because it is inadequately pleaded and fails to state a claim for relief under New York law.

### E. The Claim For Intentional Interference With Contractual Relations Should Be Dismissed

Plaintiffs' newly added claim for intentional interference with contractual relations should also be dismissed because Plaintiffs have not, and cannot, state a claim for relief under New York law. In order to state a claim for intentional interference with contractual relations under New York law, a plaintiff must allege: "(1) the existence of a valid contract between plaintiff and another contracting party; (2) defendant's knowledge of that contract; (3) defendant's intentional procurement of breach of that contract by the other party, and (4) damages." *Chace v. Bankers Trust Co.*, No. 89 Civ 4497 (CSH), 1990 U.S. Dist. LEXIS 3028, at *10-11 (S.D.N.Y. Mar. 17, 1990) (citing *Robbins v. Ogden Corp.*, 490 F. Supp. 801, 810 (S.D.N.Y. 1980)). The entirety of Plaintiffs' claim for intentional interference with contract provides that Defendants "acted in concert to breach the contracts between FIDELITY and Plaintiffs. In so doing, Defendants damaged plaintiffs." (Am. Compl. ¶ 28.) This conclusory statement is plainly insufficient to state a claim for intentional interference with contractual relations under New York law and Rule 12(b)(6) of the Federal Rules of Civil Procedure. For starters, by definition, this claim must be dismissed to the extent relief is sought against Fidelity, the contracting party. *See CIBC Bank & Trust Co. v. Banco Cent. do Brasil*, 886 F. Supp. 1105, 1119 (S.D.N.Y. 1995) ("the overwhelming weight of authority in New York supports the view that a party to a contract cannot be liable for tortious interference with contractual relations as to that contract."). Additionally, Plaintiffs have not made any allegation that would support a plausible finding by the Court that Fidelity's employee or its counsel intentionally, or otherwise, procured the breach of a contract between plaintiffs and Fidelity. If Plaintiffs mean to suggest that Fidelity breached a contract by

not initially arbitrating against Plaintiffs, that claim is also barred by the fact that the arbitration award rejected that very claim. Rather, the Amended Complaint and attached exhibits make clear that the actions taken by Fidelity's counsel were pursuant to valid legal process. For the foregoing reasons, the newly added claim for intentional interference with contractual relations should be dismissed.

**F. No Valid Claim For "Conspiracy" Is Alleged**

While not expressly alleged in the Amended Complaint, it appears from Plaintiffs' repeated reference to Defendants having "acted in concert," that they allege a conspiracy existed among the Defendants. As an initial matter, it is clear that Plaintiffs' Amended Complaint, to the extent it purports to allege a civil conspiracy, does not in fact meet the pleading standards required to survive this motion to dismiss. "Under New York law, a civil conspiracy is an agreement or confederation between two or more persons intentionally participating in the furtherance of a preconceived common plan or purpose to defraud." *Kashi v. Gratsos*, 790 F.2d 1050, 1055 (2d Cir. 1986). To survive a 12(b)(6) motion to dismiss, a plaintiff must allege "not only the corrupt agreement between two or more persons, but their intentional participation in the furtherance of the plan or purpose, and resulting damage." *Id.* (internal citations omitted). The Amended Complaint makes no effort to adequately plead a conspiracy other than to repeatedly refer to the Defendants as having "acted in concert." Without identifying a common plan or purpose, or any allegations to substantiate the conclusory claim that the Defendants "acted in concert," Plaintiffs' conspiracy claim, to the extent one was intended, should be dismissed.

Moreover, Plaintiffs' conspiracy claim, to the extent one was intended to be alleged, should be dismissed because there is no independent cause of action for civil

conspiracy under New York law. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). Indeed, "a claim of conspiracy 'cannot stand alone' and must be dismissed if the underlying independent tort has not been adequately pleaded." *Filler v. Hanvit Bank*, 156 Fed. Appx. 413, 418 (2d Cir. 2005). Because Plaintiffs fail to state a claim for any of the other torts in its Amended Complaint, thus requiring their dismissal, any allegation of conspiracy must also be dismissed.

## II. PLAINTIFFS' MOTION TO VACATE, WHICH REMAINED UNCHANGED, IS ALSO SUBJECT TO DISMISSAL FOR THE REASONS PREVIOUSLY STATED

Plaintiffs' Amended Complaint includes, without change, their original motion to vacate the arbitration award, to which Fidelity responded on October 1, 2012 with its opposition to Plaintiffs' motion to vacate and its own motion to confirm the underlying arbitration award. (Docket, 8-17.) For purposes of this motion to dismiss, Fidelity adopts and incorporate the substance of its previously filed opposition and motion to confirm as if fully set forth herein.

## CONCLUSION

For the foregoing reasons, Fidelity respectfully requests that this Court dismiss the Amended Complaint and Petition in its entirety and with prejudice and curtail Plaintiffs (particularly Indii, which appears to be an LLC) from any further *pro se* filings.

Dated: November 26, 2012
Hartford, Connecticut

Respectfully submitted,

By: Michael D. Blanchard

Michael D. Blanchard [ct25691]
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103-3178
Phone: (860) 240-2945
Fax: (860) 240-2586
Michael.Blanchard@bingham.com

and

Michael G. Shannon (*pro hac vice*)
THOMPSON HINE LLP
335 Madison Avenue – 12th Floor
New York, NY 10017-4611
Phone: (212) 344-5680
Fax: (212) 344-6101
Michael.Shannon@thompsonhine.com

*Counsel for Defendant Fidelity Brokerage Services LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on this 26th day of November, 2012, a copy of the foregoing has been filed via operation of the Court's electronic notification system, and will be served via electronic mail to the following:

Marshall Caro
47 Angelus Drive
Greenwich, CT 06831
marshallcaro@gmail.com
*(Pro se* Plaintiff)

Marshall Caro
Indii.com USE, LLC
47 Angelus Drive
Greenwich, CT 06831
marshallcaro@gmail.com
*(Pro se* Plaintiff)

/s/ Michael D. Blanchard
Michael D. Blanchard