UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHALL CARO and INDII.com USE, LLC, <br><br> Petitioners, <br> v. <br><br> FIDELITY BROKERAGE SERVICES, LLC, <br><br> Respondent. | 3:12 - CV - 1066 (CSH) <br><br><br><br> JULY 26, 2013 |

**RULING ON PETITIONERS' MOTION TO AMEND COMPLAINT**

**HAIGHT, Senior District Judge:**

**I.     INTRODUCTION**

Petitioners Marshall Caro and Indii.com USE, LLC ("Indii") bring the present action against Fidelity Brokerage Services LLC ("Fidelity") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, to petition the Court to vacate an award of a three-member arbitration panel of the Financial Industry Regulatory Authority ("FINRA") in a binding arbitration action entitled, *Indii.com USE, LLC and Marshall Caro v. Fidelity Brokerage Services LLC*, Docket No. 11-00298 (decided 4/24/2012).[1]   Respondent Fidelity opposes the petition and moves pursuant to 9 U.S.C. § 9 to

---

[1] 9 U.S.C. § 10  provides  that in any of the  4 "following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –

 (1) where the award was procured by corruption, fraud, or undue means;

 (2) where there was evident partiality or corruption in the arbitrators, or either of them;

 (3) where the arbitrators were guilty of misconduct in refusing to postpone the

1

confirm the Award.[2]

After asserting their petition in the Complaint [Doc. #1], Petitioners filed a Motion to Amend the Complaint [Doc. #25] against Fidelity and five individual defendants.[3] This Amended Complaint sets forth four claims which arise under state common and statutory law: trespass to chattel "under the common and statutory laws of the States of Massachusetts, New York, and Connecticut," Doc. #25-1, at ¶ 20; abuse of process "under the statutory and common laws of the State of New York," *id.*, at ¶ 23; breach of duty "under the common and statutory laws of the States of Massachusetts, New York, and Connecticut," *id.*, at ¶ 26; and intentional interference with contractual relations "under the common and statutory laws of the States of Massachusetts, New York, and Connecticut," *id.*, at ¶ 29. The Amended Complaint also incorporates the petition to vacate the arbitration panel's award, which was set forth in the original Complaint.

The Court has stayed all proceedings in this action, pending its ruling disposing of the

---

hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

[2] 9 U.S.C. § 9 states in relevant part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

[3] As Caro explained to the Court in his letter, dated July 10, 2013, Petitioners filed the motion to amend "in the belief that it would be more efficient for this Court to hear the Amended Complaint and the Petition at the same time." Caro Letter at ¶ 2.

cross-motions to vacate or to confirm the award of the FINRA arbitrators. Doc. #39. At this time, however, Marshall Caro has inquired by letter to the Court, copied to opposing counsel Michael G. Shannon, whether Petitioners should file a separate action in state court in light of Connecticut's two-year statute of limitations for tort actions and Caro's perception that this statutory period may soon close with respect to his claims in that "[t]he events at issue took place on or about the beginning of August, 2010." Letter from Caro to the Court (dated July 10, 2013). Caro thus asks whether he should proceed with Plaintiffs' Motion to Amend the Complaint [Doc. #25] or withdraw it and file the Amended Complaint in a separate or "new" action. *Id.* The Court now lifts the stay solely for the purpose of resolving Plaintiffs' Motion to Amend the Complaint.

II.     **DISCUSSION**

   A.     **Standard to Amend Complaint**

Although this is Petitioners' first attempt to amend their complaint, the timing is such that they may not do so as a matter of course. Instead, the question is governed by Rule 15(a)(2), Fed. R. Civ. P., which provides that in the circumstances of the case at bar "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." From its letter response to the motion to amend, it is clear that Fidelity does not consent to the amendment, so the Rule requires Petitioners to obtain leave of court to do so.[4] Whether leave should be granted is entrusted to the district court's discretion, which is not

---

   [4] In fact, as set forth *infra*, Fidelity's counsel asserts that "this Court would not have subject matter jurisdiction to consider the proposed amended claims because they would negate the diversity needed for subject matter jurisdiction." Doc. #40 (Letter from Michael G. Shannon to Court, dated 12/3/2013 and copied to Marshall Caro), p. 2.

unfettered as the last sentence of Rule 15(a)(2) contains a pointed instruction that justice be done.[5]

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Milanese v. RustOleum Corp.*, 244 F.3d 104,110 (2d Cir.2001) ("Leave to file an amended complaint 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.").

Although leave to amend must be freely given under ordinary circumstances, denial of leave to amend is proper where the proposed amendment would be "futile."[6] *Foman*, 371 U.S. at 182.

---

[5] Rule 15(a), Fed. R. Civ. P., provides:

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

[6] An amendment is considered "futile" if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See, e.g., AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 726 (2d Cir. 2010); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir.1979); *Freeman v. Marine Midland Bank–New York*, 494 F.2d 1334, 1338 (2d Cir.1974).

Such is the case when, as in the case at bar, the Court lacks subject matter jurisdiction over the Amended Complaint. *See, e.g., Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V.*, No. 03 Civ. 10312, 2005 WL 2207017, at * 4 (S.D.N.Y. Sept. 8, 2005) ("Where a court would lack subject matter jurisdiction over the case as pleaded in the proposed amendment, the court may deny leave to amend on the ground of futility.") (citing *Chan v. Reno*, 916 F.Supp. 1289, 1302 (S.D.N.Y.1996)); *Douglas v. Stamco*, 2010 U.S.App. LEXIS 2107 at *6 (2d Cir.2010) ("Generally, [a] district court has discretion to deny leave [to amend] for good reason, including futility.") (quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)) .[7]

### B.     Subject Matter Jurisdiction

A federal court is a court of limited jurisdiction pursuant to Article III of the Constitution. The Court may only exercise subject matter jurisdiction if either (1) plaintiff sets forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331;[8] or (2) there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806). *See also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir.2000) (delineating two categories of subject matter jurisdiction).

---

[7] *See also Wilson-Richardson v. Regional Transit Serv., Inc.*, __ F.Supp.2d __, 2013 WL 2477249, at *4-5 (W.D.N.Y. June 10, 2013) ("I conclude that no amendment of the complaint would be sufficient to salvage claims . . . over which the Court lacks jurisdiction"); *Gray v. Furia Org., Inc.*, 896 F.Supp. 144, 147 (S.D.N.Y.1995) (holding futility a valid ground for denying leave to amend); *Vibrant Sales, Inc. v. New Body Boutique, Inc.*, 105 F.R.D. 553, 555 (S.D.N.Y.1985) ("The futility of the proposed amendment in itself supports denying Vibrant leave to amend its complaint.").

[8] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Moreover, it is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

In general, if subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See, e.g. Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir. 1975) ("There can be little doubt that a district court should be alert to terminate an action under Rule 12(h)(3) when lack of subject matter jurisdiction becomes apparent."). It thus follows that the Court must deny a motion to amend the complaint if the Court lacks subject matter jurisdiction over the claims set forth in the proposed amended complaint. *See, e.g., Jackson v. AFSCME Local 196*, No. 3:07–CV–471 (JCH), 2008 WL 544730, at *2-3 (D.Conn. Feb. 25, 2008).

In their proposed Amended Complaint, Petitioners, the named Plaintiffs in the Amended Complaint, Marshall Caro and Indii.com USE, LLC ("Indii"), assert that the Court has diversity

subject matter jurisdiction pursuant to 28 U.S.C. §1332 (a).  Doc. #25-1, p. 2 (¶ B).  In fact, in order for this Court to possess subject matter jurisdiction over the proposed amendment, there must be diversity jurisdiction in this case.  There exists no basis for the Court to exercise federal question jurisdiction over the Amended Complaint.  Four of the claims arise under state law:  trespass to chattel, abuse of process, breach of duty, and intentional interference with contractual relations.  Furthermore, the FAA petition itself, although a product of federal law, does not provide an independent basis for subject matter jurisdiction.  Applicants who seek to confirm or vacate an arbitration award under the FAA, 9 U.S.C. §§ 9-10, "must demonstrate independent grounds of subject matter jurisdiction" because the provisions of the Act "do not in themselves confer subject matter jurisdiction."  *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968 (9th Cir. 1981), *cert. denied,* 455 U.S. 948 (1982), *rehearing denied,* 456 U.S. 939 (1982).  *See also Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004) ("It is well settled that federal courts must have an independent basis for federal jurisdiction to hear claims under the FAA, and that 9 U.S.C. § 10 does not provide it") (internal citations omitted).

In order for diversity of citizenship to exist, citizenship of each plaintiff must be diverse from that of all defendants.  *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.")  (citing  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) .  Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).

 In the Amended Complaint, Plaintiffs allege that  "[a]ll defendants reside or are domiciled

in other states and the amount in controversy exceeds $75,000." Doc. #25-1, p. 2 (¶ B. Jurisdiction). Accepting that Plaintiffs have alleged damages in excess of the jurisdictional amount, *i.e.*, exceeding $75,000, the Court must examine the citizenship of the parties.

### C.     Parties' Citizenship

Plaintiffs state that Caro is a citizen of Connecticut and Indii "is a Delaware Limited Liability Company whose members are citizens of Connecticut and Florida." Doc. #25-1, p. 1 (¶ A. 1.-2.). As to the citizenship of the named defendants, Plaintiffs allege the following: Fidelity Brokerage Services ("Fidelity") is "a Limited Liability Company whose members are citizens of Massachusetts;" Katherine Ho, is "a citizen of Massachusetts;" and Bill Rothfarb, Even Rothfarb, Michael Shannon, and Michael Hoenig are all "citizen[s] of New York." *Id.* at p. 1-2 (¶ A (4.-8.)). As to each named individual defendant, Plaintiffs allege either the location of his or her "principal office" or current residence to bolster the allegations of citizenship.

First, Plaintiffs' allegations of citizenship are inadequate with respect to the two limited liability company parties in the proposed Amended Complaint, Indii and Fidelity. "The citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(emphasis added), *cert. denied*, 549 U.S. 1047 (2006).   Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members." *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213

F.3d 48, [51-52] (2d Cir.2000) and remanding removed action for lack of diversity jurisdiction).[9] Plaintiffs have failed to allege the identities and citizenship of each of Indii's and Fidelity's members. Citizenship of all members must be known to insure that complete diversity exists in this action.

Second, Petitioners' allegations with respect to the citizenship of individual defendants Ho, Rothfarbs (Bill and Evan), Shannon, and Hoenig are all clearly deficient in that Plaintiffs set forth the locations of the Defendants' principal offices for business and/or residences but do not state where defendants are *domiciled*. With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). *See also John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967) ("it has long been held that a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens").

"In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – *i.e,* "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). *See also Palazzo*, 232 F.3d at 42; 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). Although an

---

[9] *See also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").

individual may have several residences, he or she can have only one domicile.[10]  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)  (for jurisdictional purposes, "'[d]omicile' is not necessarily synonymous with 'residence,'" and "one can reside in one place but be domiciled in another") (citations omitted).

At best,  Plaintiffs have alleged residency of each individual defendant without establishing his or her citizenship.  The latter  may not be inferred from the former.  *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925).  Accordingly, the citizenship of the individual defendants remains uncertain on the face of the Amended Complaint.

Ordinarily in such circumstances, the Court would order Plaintiffs to file supplementary affidavits and/or supply documentary evidence to provide sufficient facts from which the Court could determine the citizenship of each named party for purposes of diversity. In this unusual case, however, the Court takes judicial notice that, as disclosed by Fidelity's counsel Michael G. Shannon in a letter to the Court dated December 3, 2012 [Doc. # 40], Plaintiff Indii is not diverse from one or more defendants in this action.  In Shannon's letter, he informs the Court that, despite the limited allegations in the Amended Complaint (*i.e.*,  that Indii is a Delaware limited liability company "whose members are citizens of Connecticut and Florida"),  Indii also possesses members who are citizens of New York.  In a prior interpleader action in the United States District Court for the Southern District of New York, involving both Petitioners and Fidelity, Plaintiffs Caro and Indii

---

[10] The United States Supreme Court has described "residency" as occurring "when a person takes up his abode in a given place, without any present intention to remove therefrom." *Martinez v. Bynum*,  461 U.S. 321, 331 (1983).  "[S]uch place of abode becomes his residence . . . ." *Id.*  The test for residency is thus less stringent than the "more rigorous domicile test." *Id*.  For example, "residency" may be taken up for personal or business reasons and may be permanent for only a period of time. *Id.*

argued that diversity was lacking based on representations in Caro's affidavit that Indii's members included members who were citizens of New York.[11] *See Fidelity Brokerage Services LLC v. Caro, et al.*, No. 10-CV-5893 (BSJ) (S.D.N.Y.), Doc. #18-1 (Declaration of Marshall Caro in Opposition to Motion for Interpleader, filed 10/4/2010), p. 2 (¶ 5) ("Upon information and belief, several of [Indii's] strategic members may be citizens of the State of New York.").[12] In that affidavit, Caro even complained that "Fidelity failed to properly plead the citizenship of Indii in its complaint" and admitted that "it is [his] understanding that the citizenship of each individual member of a limited liability company controls for purposes of determining whether diversity of citizenship exists."[13] *Id.*

Furthermore, attached to a memorandum supporting a motion to dismiss the interpleader complaint, Indii's then counsel, Sheldon Eisenberger, attested in a declaration that several of Indii's strategic members are citizens of New York for purposes of diversity. *Fidelity Brokerage Services LLC v. Caro, et al.*, No. 10-CV-5893 (BSJ) (S.D.N.Y.), Doc. #25 (Declaration of Sheldon Eisenberger in Support of Motion to Dismiss the Interpleader Complaint, filed 10/21/2010), p. 2 (¶ 4). In particular, Attorney Eisenberger stated:

---

[11] From the allegations of the original Complaint, Petitioners contend that Fidelity's interpleader action against Caro and Indii arose within the framework of facts giving rise to their present FAA action. Doc. #1, p. 3.

[12] The interpleader action before District Judge Barbara S. Jones arose from judgment enforcement proceedings commenced by Bill Rothfarb in New York State Supreme Court to collect upon a Judgment and Order rendered on March 28, 1995 against Marshall Caro in *Rothfarb v. Programit, Inc., et al*, Index No. 19178/87 (N.Y. Sup. Ct., N.Y. County). The judgment was obtained against Caro and four alleged "alter egos" after a full trial in 1990 and 1991. As a result of the judgment, Caro became a judgment debtor of Rothfarb for a judgment in excess of $490,000.

[13] Such an accusation begs the question of why Caro and Indii have not more accurately pled in this case the citizenship of the two limited liability companies who are parties to this action.

11

> [P]laintiff failed to properly allege the citizenship of Indii, which, as a limited liability company, is controlled by the citizenship of Indii's members. As set forth in the Caro Defendants'[sic] previously submitted papers, Indii's operating agreement lists several entities as strategic members, and several of these strategic members are citizens of New York for purposes of diversity.
>
> The strategic members of Indii are listed at Schedule 3 to Indii operating agreement, which is annexed to the previously submitted Declaration of Marshall Caro as Exhibit A. Several of these entities are New York citizens for purposes of diversity jurisdiction [– ] ie.[,] with either a place of incorporation or principle [sic] place of business within the State of New York. Annexed hereto as Exhibit D are copies of documents obtained from the New York State, Department of State, Division of Corporations website, which contain citizenship information for several of the companies listed as strategic members of Indii.

*Id.*, Doc. #25 at ¶¶ 4-5. In sum, in Caro's affidavit and the sworn testimony of, and accompanying documents filed by, Indii's then counsel, several members of Indii are citizens of New York.[14] The Court thus takes judicial notice that Caro and Indii have represented by sworn declarations in a prior legal proceeding that Indii is a citizen of New York for diversity purposes. *See, e.g.*, *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) (acknowledging that court "may properly take judicial notice of the record in [prior] litigation between the same parties"); *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir.2003) ("Judicial notice may be taken of public filings . . . .").

Turning to the defendants named in the Amended Complaint, in the absence of knowing the citizenship of each of its members, the Court cannot determine whether Fidelity, as a limited liability

---

[14]Judge Jones ultimately denied the motion to dismiss the interpleader action for lack of subject matter jurisdiction based on the particular jurisdictional requirements set forth in the interpleader statute, 28 U.S.C. § 1335. Specifically, "the possibility that Indii and Rothfarb may both be residents of New York [did] not divest the Court of subject matter jurisdiction because '[c]omplete diversity among claimants is not required' under 28 U.S.C. § 1335." *See* Doc. #39, p. 3-4. Moreover, there was an additional claimant, Walter Raquet, a Florida resident, who had an interest in the interpleaded funds. His presence in the action provided the "minimal diversity" necessary for subject matter jurisdiction in an interpleader action under 28 U.S.C. § 1335(a). *Id.* at p. 3. The present action is not an interpleader action so that analysis does not apply.

company, is a citizen of New York. However, the Court does find that at least one or more of the proposed individual defendants is a citizen of New York. Attorney Michael Shannon attests to his own New York citizenship – in light of his New York residence (*i.e.*, more properly termed "domicile") – in his letter to the Court (dated 12/3/2012). *See* Doc. #40 (Shannon Letter), p. 2 ("The proposed amended complaint includes claims against several New York residents (the Rothbergs [sic], Mr. Hoenig, and me)"). Also, according to the allegations in the proposed Amended Complaint, Bill Rothfarb "is a citizen of New York and currently resides at 5025 39th St. Sunnyside, NY 11104-4507."[15] Doc. #25-1, p. 2 (¶ A.5). Because at least one plaintiff, Indii, and one or more defendants are not diverse, there is no diversity subject matter jurisdiction.

Furthermore, as set forth *supra*, none of the proposed causes of action in the Amended Complaint gives rise to "federal question" subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Absent a basis for federal question jurisdiction and lacking diversity of citizenship, the Court has no subject matter jurisdiction over the Amended Complaint. If the Court were to allow the proposed amendment to proceed, the Court would then be required to dismiss the action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Where amendment would be futile, the Court must deny Petitioners' request to amend the complaint.

In denying the Motion to Amend, the Court clarifies that it does so without prejudice to renewal should Plaintiffs successfully establish, with the necessary factual precision, the citizenship of each party to the action and then elect to drop all nondiverse defendants whose presence would defeat diversity of citizenship. *See, e.g., Samaha v. Presbyterian Hospital in City of New York*, 757

---

[15] In the Amended Complaint, Plaintiffs allege that individual defendants Even Rothfarb and Michael Hoenig are also "citizen[s] of New York." Doc. #25-1, p. 2 (¶ A.6.,8.).

F.2d 529, 531 (2d Cir.1985) (per curiam); *Prescription Plan Service Corp. v. Franco*, 552 F.2d 493, 498 (2d Cir.1977). At present, the Court must deny Petitioners' current request to amend the complaint because such amendment would be futile due to lack of subject matter jurisdiction.

### III. **CONCLUSION**

Because plaintiff Indii, as evidenced by sworn statements of counsel in prior litigation, and one or more of the individual defendants are citizens of New York, the Court lacks diversity subject matter jurisdiction over the proposed Amended Complaint. A court lacking subject matter jurisdiction must dismiss the action. Accordingly, because the proposed amendment is futile, Petitioners' Motion to Amend the Complaint [Doc. #25] is DENIED without prejudice.

Petitioners are of course at liberty to file a timely action in another court of competent jurisdiction. Petitioners may also renew their motion to amend their petition and complaint in this Court, if they are able, consistent with the provisions of Fed. R. Civ. P. 11, to propose an amended complaint with allegations as to the citizenship of the parties which are sufficient to demonstrate that full diversity of citizenship exists between all plaintiffs and all defendants in the action.

It is SO ORDERED.

Dated: New Haven, Connecticut
       July 26, 2013

                                     */s/Charles S. Haight, Jr.*
                                     CHARLES S. HAIGHT, JR.
                                     Senior United States District Judge